**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JENNIFER SKYLES,

        Plaintiff,

v.                                        Case No. 6:16-cv-1968-Orl-37TBS

MICHAEL J. MCCOY; MATTHEW
FOWLER; and THE CITY OF
ALTAMONTE SPRINGS,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. The Court's Order to Show Cause (Doc. 14), filed December 27, 2016;

2. Plaintiff's Response to Court's Order to Show Cause (Doc. 17), filed December 28, 2016; and

3. Defendant The City of Altamonte Springs' Reply to Plaintiff's Response (Doc. 18), filed December 29, 2016.

The instant action was removed from state court on November 10, 2016. (Doc. 1.) On November 17, 2016, Defendant The City of Altamonte Springs ("**the City**") moved to dismiss Counts III, V, VI, VII, and VIII of Plaintiff's Complaint. (Doc. 5 ("**MTD**").) At the time the MTD was filed, attorney Justin R. Clark ("**Clark**") was the only counsel listed on the docket on behalf of Plaintiff. Shortly thereafter, attorney Brandon Joseph Stewart ("**Stewart**") filed a notice of appearance as additional counsel for Plaintiff. (Doc. 10.)

Without seeking leave of Court, Plaintiff responded to the MTD on December 23, 2016—eighteen days past the applicable deadline. (*See* Docs. 13, 14.) Consequently,

the Court ordered Plaintiff to show cause why sanctions should not be imposed for failure to comply with the response deadline set forth in the Local Rules. (Doc. 14 ("**OTSC**").) Stewart responded to the OTSC on December 28, 2016. (Doc. 17 ("**Response**").) The following day, the City filed a reply, objecting to representations made in the Response. (Doc. 18.)

In the Response, Stewart represents that: (1) upon removal, defense counsel input the wrong contact information for Clark on the docket; and (2) as a result, Stewart's office did not receive notice of service of the MTD until Stewart reviewed the docket in preparation for the parties' December 21 case management conference. (*Id.* ¶¶ 4, 5.) According to Stewart, he began drafting a response to the MTD on December 21, 2016, after filing a notice of appearance. (*Id.* ¶ 6; *see also* Doc. 10.) In its reply, the City maintains that: (1) notice of its electronic filing of the MTD was sent to the e-mail address that Clark registered with the CM/ECF system; and (2) Plaintiff's failure to timely respond to the MTD was a result of Clark's failure to maintain current information in CM/ECF. (*Id.* ¶¶ 5, 7–8.) The City is correct.

Importantly, Local Rule 2.01(d) provides that

> [t]o maintain good standing in the bar of this Court, each attorney . . . , unless exempted by the Chief Judge for good cause, must register with the Clerk of Court and maintain an e-mail address for electronic service by the Clerk during the attorney's membership in the bar of this Court. An attorney who . . . fails without exemption to maintain a registered e-mail address is subject to removal from membership in the bar of this Court.

So if Clark did not receive electronic notice of such filing at the "correct" e-mail address, the fault lies with him alone. Indeed, the failure to register the correct e-mail address with CM/ECF is not good cause for submitting an untimely response to a motion, as Plaintiff's

counsel cannot justify their failure to comply with one Local Rule by citing their failure to comply with another. Moreover, the Response reveals that Plaintiff's counsel failed to conduct any type of investigation with the Clerk's office as to the reason for the purportedly failed notice. Had an investigation ensued, counsel would have learned that Clark is no longer a member of the Bar of the Middle District, as his membership lapsed in 2013 for non-payment. Accordingly, Clark, who currently has no status in this U.S. District Court, is responsible for the inability of the electronic filing system to provide him with notice. That said, based on his lapsed status, the Clerk's office should have provided Clark with a copy of the Local Rules by mail upon the filing of the Notice of Removal and failed to do so. This perhaps would have alerted Clark to the lapse of his membership in the Middle District Bar.

While counsel's neglect has resulted in the waste of judicial resources, in light of the foregoing, the Court finds that sanctions for failure to comply with the Local Rules are not warranted. As such, the Court will consider Plaintiff's late response in ruling on the MTD. Going forward, Counsel is advised that leave of Court is required before a party may submit an untimely filing.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court's Order to Show Cause (Doc. 14) is **DISCHARGED**.
2. The Clerk is **DIRECTED** to remove attorney Justin R. Clark as counsel of record for the Plaintiff pending his re-admission to the Middle District Bar.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 5, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record