UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SKYLES,

    Plaintiff,

v.                                                              Case No. 6:16-cv-1968-Orl-37TBS

THE CITY OF ALTAMONTE SPRINGS,

    Defendant.
_____

## **ORDER**

In the instant action, Plaintiff originally asserted eight claims against three defendants under 42 U.S.C. § 1983 and Florida's Wrongful Death Act. (Doc. 3 ("**Complaint**").) Initially, the City of Altamonte Springs ("**the City**") moved to dismiss Counts III, V, VI, VII, and VIII of the Complaint. (Doc. 5 ("**First MTD**").) Although Plaintiff responded eighteen days beyond the applicable deadline (Doc. 13), the Court elected to consider the late response in light of miscommunications between Plaintiff's counsel and the Clerk's office regarding the former's membership in the District Bar. (Docs. 14, 21.)

Upon consideration of the merits of the First MTD, the Court dismissed Counts III, V, VI, VII, and VIII of the Complaint without prejudice and granted Plaintiff leave to amend on or before Friday, **April 21, 2017** ("**Amendment Deadline**"). (Doc. 27 ("**Dismissal Order**").) The Court later dismissed these counts with prejudice after Plaintiff failed to adhere to the Amendment Deadline. (Doc. 33.)

-1-

In the interim, confusion arose as to which defendants the remaining counts were asserted against. Upon receiving clarification from Plaintiff, the Court: (1) determined that the City was the only defendant in this action; (2) terminated the other two defendants; and (3) directed the City to respond to the remaining three counts. (Docs. 32, 33.)

The City responded by moving to dismiss Counts I, II, and IV of the Complaint. (Doc. 34 ("**Second MTD**").) Plaintiff's response was due on or before Wednesday, **May 17, 2017**; but, yet again, Plaintiff failed to timely respond. Accordingly, the Court finds that the Second MTD is due to be granted as unopposed. (*See* Doc. 23, p. 10 ("[T]he Court routinely grants motions as unopposed when no [r]esponse is filed.").)

While it is true that Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely given when justice so requires, the U.S. Supreme Court has sanctioned the denial of leave to amend in instances of undue delay, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, and futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court declines to allow Plaintiff leave to amend the Complaint as her failure to respond to the Second MTD appears to be part of a pattern of unjustified dilatory conduct. Moreover, when previously given the opportunity to amend her Complaint following dismissal, Plaintiff failed to do so. Finally, the remaining three counts suffer from deficiencies identified in the Court's prior Dismissal Order, which Plaintiff failed to correct. As such, under the totality of these circumstances, the Court finds that granting Plaintiff leave to amend the Complaint would be futile.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Counts I, II, and IV of the Complaint (Doc. 34) is **GRANTED**.

2. Counts I, II, and IV of the Complaint (Doc. 3, ¶¶ 29–48, 56–61) are **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 18, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record